IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 5, 2018

**DONALD K. MOORE, JR. v. GRADY PERRY, WARDEN**

**Appeal from the Circuit Court for Hardeman County**
**No. CC-17-CR-165      Joe H. Walker, III, Judge**

_____

**No. W2017-02180-CCA-R3-HC**

_____

The Petitioner, Donald K. Moore, Jr., was convicted of two murders and a robbery committed in February 1996. For these convictions, he received an effective sentence of life imprisonment plus forty-one years in the Tennessee Department of Correction. In August 2017, the Petitioner filed a petition for a writ of habeas corpus. In it, he claimed that the trial court improperly adjusted his release eligibility percentage for his second-degree murder conviction in 1999 by filing a corrected judgment. He further asserted that the trial court violated due process when it corrected the judgment without notice to him. Finally, relying on *Miller v. Alabama,* 132 S. Ct. 2455 (2012), he contended that his sentence was cruel and unusual because he was a juvenile at the time he committed the offenses. Finding no grounds for relief, the habeas corpus court summarily dismissed the petition. On appeal, the Petitioner maintains that his sentence is void because: (1) the trial court corrected his judgment to reflect the proper release eligibility; (2) the trial court did not follow proper sentencing procedure when it corrected the judgment without notice to him; (3) his sentence is unconstitutional because he was a juvenile at the time he committed the offense; and (4) the corrected judgment violated double jeopardy. After review, we affirm the habeas court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Donald K. Moore, Jr., Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Mark E. Davidson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## I. Procedural History

The Petitioner was convicted of two counts of murder and one count of especially aggravated robbery in two separate cases. In the first case, the Petitioner was convicted by a jury in the Davidson County Criminal Court of first-degree felony murder and especially aggravated robbery of a taxi cab driver in Nashville, Tennessee in the early morning hours of February 22, 1996. *State v. Donald K. Moore, Jr.*, No. 01C01-9801-CR-00032, 1999 WL 226227, at *1 (Tenn. Crim. App., at Nashville, April 20, 1999), *perm. app. denied* (Tenn. Oct. 11, 1999). The trial court imposed consecutive sentences of life imprisonment in the Tennessee Department of Correction for the felony murder conviction and twenty (20) years incarceration in the Department for the especially aggravated robbery conviction. *Id.*

In the second case, a jury convicted the Petitioner of the second-degree murder of a man on February 12, 1996, in the Hadley Park area of Nashville, Tennessee. *State v. Donald K. Moore, Jr.*, No. 01C01-9809-CR-000362, 1999 WL 820870, at *1 (Tenn. Crim. App., at Nashville, October 13, 1999), *perm. app. denied* (Tenn. April 24, 2000). The trial court sentenced the Petitioner to serve twenty-one years imprisonment consecutive to his other sentences. *Id.* On appeal, this court affirmed all of the judgments. *Id.*; *Donald K. Moore*, 1999 WL 226227, at *1.

In 2017, the Petitioner filed a petition for a writ of habeas corpus, alleging that the trial court improperly adjusted his release eligibility percentage for his second-degree murder conviction. He also asserted that the trial court violated due process when it made the adjustment without notifying him. Finally, relying on *Miller v. Alabama*, 132 S. Ct. 2455 (2012), he argued that his sentences were cruel and unusual because he was a juvenile at the time he committed the offenses. The trial court summarily dismissed the petition finding that the Petitioner had failed to establish a lack of jurisdiction for the order of confinement or that he was otherwise entitled to immediate release due to the expiration of his sentence. It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal, the Petitioner maintains that his sentence is void because: (1) the trial court corrected his judgment to reflect the proper release eligibility; (2) the trial court erred when it failed to notify him that it was correcting his judgment; (3) his sentence is unconstitutional because he was a juvenile at the time he committed the offense; and (4) the corrected judgment violated double jeopardy. The State responds that none of these

claims renders the Petitioner's sentence void or his judgment facially invalid; thus, the habeas court properly dismissed the case. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Archer*, 851 S.W.2d at 165.

None of the Petitioner's challenges establish that any of the judgments are void. The initial judgment reflected a 30% release eligibility for the Petitioner's second degree murder conviction, which was illegal because Tennessee law requires the Petitioner serve his sentence at 100% release eligibility. *See* T.C.A. § 40-35-501(i). As stated previously, a writ of habeas corpus may be granted only where it is apparent from the face of the judgment or the record of the proceedings upon which the judgment is rendered that a sentence is illegal. *Stephenson v. Carlton*, 28 S.W.3d 910 (Tenn. 2000). As explained above, the corrected judgment in this case does not reflect an illegal or void sentence.

*See Dennis Eugene Evans v. State*, No. E2004-01059-CCA-R3-PC, 2004 WL 2853296 at *2-3 (Tenn. Crim. App., at Knoxville, Dec. 13, 2004); *Michael D. O'Guin v. Myer*s, No. M2003-02846-CCA-R3-HC, 2004 WL 2290487 (Tenn. Crim. App., at Nashville, Oct. 12, 2004) (petitioner being held pursuant to a judgment that corrected the initial judgment's illegal sentence was not entitled to habeas corpus relief because the amended judgment ordered the correct sentence and the correct conviction and was therefore not void as illegal). As to the Petitioner's attack on the trial court's procedure for correcting the sentence, this too does not render the judgment facially invalid. *See Summers*, 212 S.W.3d at 256; *see also*, Tennessee Rule of Criminal Procedure 36.

The Petitioner relies on *Miller v. Alabama* in support of his claim that his sentence is cruel and unusual. The Petitioner's reliance, however, is misplaced. In *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012), the Supreme Court ruled that a mandatory sentence of life without the possibility of parole for a minor constitutes unconstitutionally cruel and unusual punishment. In the present case, the Petitioner was not sentenced to life without the possibility of parole and therefore, *Miller* is inapplicable and the Petitioner has not shown that his judgment is facially invalid. Further, as the State correctly notes, Tennessee's sentencing scheme does not mandate life imprisonment for juveniles. *See* T.C.A. § 39-13-204 (2014); *Charles Everett Lowe-Kelly v. State*, No. M2015-00138-CCA-R3-PC, 2016 WL 742180, at *8 (Tenn. Crim. App., Nashville, Feb. 24, 2016) (stating that *Miller* did not hold that a juvenile could never be sentenced to life without parole, just that the sentence could not be mandatory), *perm. app. denied* (Tenn. June 23, 2016).

As to the Petitioner's final claim, a violation of the principles of double jeopardy does not render a conviction void and, accordingly, occasions no cause for habeas corpus relief. *See Joseph L. Coleman v. State*, No. W2013-00884-CCA-R3-HC, 2013 WL 6188349 at *3 (Tenn. Crim. App., Jackson, Nov. 25, 2013) ("We reiterate that a double jeopardy claim does not render a judgment void, and thus is not a cognizable claim for which habeas corpus relief can be granted."), *perm. app. denied* (Tenn. April 10, 2014); *Anton Carlton v. State*, No. W2012-02449-CCA-R3-HC, 2013 WL 3701911 at *3 (Tenn. Crim. App., Nashville, July 11, 2013) ("Even if this [double jeopardy] claim had some viability, however, it is not cognizable in a habeas corpus proceeding; a conviction that runs afoul of double jeopardy principles is not void and is not subject to habeas corpus relief."), *no perm. app. filed*.

Accordingly, we conclude that the habeas corpus court properly dismissed the petition. The Petitioner is not entitled to relief.

### III. Conclusion

Based upon the aforementioned considerations and the record, we affirm the judgment of the habeas corpus court.


_____
ROBERT W. WEDEMEYER, JUDGE